BECKER, Circuit Judge,
concurring and dissenting.
The majority opinion is quite powerful and thorough, and almost entirely convincing. It *1230 would have my full joinder were the sanction it approves not so very large — on this record it could apparently amount to more than $167,000. I cannot conceive that we would approve a sanction which required FE & B to actually pay anywhere near that amount under the facts of this case. While I acknowledge that we deal here with deprivation of a fee rather than an ordinary out-of-pocket payment, that difference is not, to me, of great legal significance. Accordingly, while I agree with the majority that the bankruptcy court was warranted in assessing a sanction against FE & B, and concur in the majority’s opinion to that extent, I believe the court abused its discretion if in fact the sanction imposed was as high as $167,000 (the fees requested by FE & B), given the nature of the conduct involved.
I do not attempt to put a much different cast than does the majority on FE & B’s offending conduct (though I think the question whether it was conflicted between its apparent representation of Mr. Burke and the debtor to be far closer than does the majority).[1] My position is instead impelled by the fact that I find the opinions of the bankruptcy court, the district court, and the majority to be either silent or unconvincing on one of the most critical aspects of the decision to deny FE & B its fees — the contribution vel non of FE & B to the reorganization. The record is not sufficiently developed as to this point and I suspect that the efforts of FE & B had far more to do with the ultimately successful reorganization, albeit sans Mr. Burke, than its adversaries admit or the other reviewing judges in this case apparently believe. Moreover, the bankruptcy court’s apparent finding that FE & B demonstrated “incompetency and gross mismanagement of the affairs of the debtor,” is, in my view, unsupported on the record and clearly erroneous. Indeed, the majority’s affirmance of that finding is wholly con-clusory.
I agree that the filing of the lawsuit against the Knox firm was outrageous.[2] I also agree that the bankruptcy court’s finding of a conflict by FE & B and Mr. Fell-heimer’s temporizing about the availability of Mr. Burke justify a large sanction. But, in view of the totality of circumstances, I cannot agree that the bankruptcy court could be justified in imposing a sanction anywhere near as high as $167,000, even given our deferential review. Accordingly, I would vacate the challenged order, remand the case to the bankruptcy court for a finding as to the value of FE & B’s fee absent sanction, and then permit the court to take another look at the matter and appropriately reduce that award, pursuant to its inherent authority,[3] as a sanction for FE & B’s conduct. To this extent, I respectfully dissent.

. In my view, FE & B could have reasonably concluded that successful reorganization of the debtor hinged on the retention of Mr. Burke. Nevertheless, I cannot say that the bankruptcy court’s finding of a conflict was clearly erroneous.

. I say this even though it is not as clear to me as it is to the majority that FE & B lacked a color-able basis, at least at one point, to allege a conflict in the Knox firm's representation.

. The majority also rests its decision on the bankruptcy court’s power to deny fees under 11 U.S.C.A. § 328(c) (1993), which provides that "the court may deny allowance of compensation for services ... if, at any time ... such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed." While this section might have justified a complete denial of FE & B's fees in this case, I cannot join in affirming this sanction as a proper exercise of the bankruptcy court’s discretion under § 328(c), since, as the majority recognizes, the bankruptcy court did not rely on § 328(c) in imposing this sanction on FE & B.